**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>GABHALTAIS TEAGHLAIGH LLC,<br><br>Debtor. | Case No. 22-10839-EDK<br><br>Chapter 11 |
| GABHALTAIS TEAGHLAIGH LLC,<br><br>Plaintiff,<br><br>v.<br><br>JASPAL GILL,<br><br>Defendant. | Adversary Proceeding No. |

## COMPLAINT TO AVOID MORTGAGE AND FOR DECLARATORY JUDGMENT

## INTRODUCTION

Plaintiff Gabhaltais Teaghlaigh, LLC ("Plaintiff" or "Debtor") seeks a judgment from this Court avoiding the mortgage against the real property known as (a) 47 Old Harbor Street, South Boston, Massachusetts; (b) 283 West Fifth Street, South Boston, Massachusetts; (c) 193 Randolph Street, Weymouth, Massachusetts; and (d) 15 Simms Court, Newton, Massachusetts (the "Real Property") held by Defendant Jaspal Gill ("Gill"), dated July 6, 2022, in the original principal amount of $2,510,000.00, and recorded on July 7, 2022 with the Norfolk County Registry of Deeds in Book 40667, Page 391; recorded on July 8, 2022 with the Suffolk County Registry of Deeds on July 8, 2022 in Book 67920, Page 153; and recorded on July 7, 2022 with

the Middlesex South County Registry of Deeds in Book 80400, Page 29 ("Gill Mortgage"). Debtor further seeks a judgment declaring that the Gill Mortgage was not a valid encumbrance on the Real Property; that the Gill Mortgage does not attach to the proceeds from the sale of the Real Property; that Gill is not a creditor of Debtor's estate; and that Gill is not entitled to recover from the administration of the Debtor's estate.

**PARTIES AND JURISDICTION**

1. Debtor is a Massachusetts limited liability company with a principal place of business at 316 Highland Ave., Winchester, MA.

2. Gill, upon information and belief, is an individual residing at 8 Bailey Avenue, Beverly, MA.

3. This adversary proceeding is a core proceeding relating directly to the property and affairs of the Debtor and the administration of the Debtor's estate.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 151, 157, and 11 U.S.C. §§ 105, 502, 541, 550, and 551.

5. Venue is proper pursuant to 28 U.S.C. § 1409.

**FACTS**

6. On June 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§1101, et. seq.), commencing case no. 22-10839 ("Bankruptcy") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

7. The Debtor continues to manage and operate its business as a debtor-in-possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

8. Pre-petition, the Debtor's properties were managed by Anne Brensley

("Brensley"), the general partner of DevCo North America LP ("DevCo"). On August 10, 2022, the Court authorized the Debtor's employment of Brensley and DevCo to act as property managers and estate fiduciaries (docket no. 64).

9. Prior to the Petition Date, the Debtor was the record owner of the Real Property.

10. As of the Petition Date, the Real Property was subject to four mortgages of record, of which two are presently at issue:

(a). a 2017 mortgage to East Boston Savings Bank to secure a loan in the original principal amount of $5,900,000 (the "Rockland Mortgage")[1]; and

(b) a 2018 mortgage to Synergy Funding LLP ("Synergy") to secure a loan in the original principal amount of $1,000,000.00 (the "Synergy Mortgage").

11. On June 15, 2022, the same day that Debtor filed for Bankruptcy, Synergy sought to conduct a foreclosure sale of the Real Property encumbered by the Synergy Mortgage ("Foreclosure"), subject to the Rockland Mortgage.

12. On July 2, 2022, the Bankruptcy was dismissed (docket no. 23).

13. On July 8, 2022, the order dismissing the Bankruptcy was vacated (docket no. 27).

14. On July 7 and July 8, 2022, between the date that this Bankruptcy was dismissed and the day before and day of the order dismissing the case was vacated, Synergy recorded foreclosure deeds (collectively, "Foreclosure Deed") purporting to convey the Real Property to OHP, LLC ("OHP"). A copy of the Foreclosure Deed, which was executed on June 30, 2022, as recorded with the Suffolk County Registry of Deeds is attached hereto as **Exhibit A.**[2]

---

[1] Rockland Trust Company is the successor by merger to East Boston Savings Bank.

[2] The foreclosure deed covered all 4 properties and copies were recorded with the Suffolk, Norfolk and Middlesex South County registries of deeds on July 7 and July 8, 2022. The copy attached was recorded with the Suffolk County Registry of Deeds in Book 67920, Page 138 on July 8, 2022.

15. Also, on July 7, 2022 and July 8, 2022, the Gill Mortgage was recorded to purportedly secure a loan from Gill to OHP in the original amount of $2,510,000.00. A copy of the Gill Mortgage as recorded with the Suffolk County Registry of Deeds on July 8, 2022[3] is attached hereto as **Exhibit B.**

16. On July 21, 2022, Debtor filed Adversary Proceeding no. 22-1040 (the " 2022 Adversary Proceeding") against OHP and Synergy seeking, *inter alia*, the avoidance of the Foreclosure and the transfer of Debtor's equity of redemption in the Real Property.

17. On March 29, 2024, the Court entered a partial judgment in the 2022 Adversary Proceeding (the "Judgment"). The Judgment held that:

> The transfer of the equity of redemption held by Gabhaltais Teaghlaigh LLC in real properties located at (a) 47 Old Harbor Street, South Boston, Massachusetts; (b) 193 Randolph Street, Weymouth, Massachusetts; (c) 283 West Fifth Street, South Boston, Massachusetts; and (d) 15 Simms Court, Newton, Massachusetts through the foreclosure sale of those properties that was conducted on June 15, 2022 is hereby AVOIDED pursuant to 11 U.S.C. § 544(a)(3).

A copy of the Judgment is attached hereto as **Exhibit C.**

18. On August 11, 2025, the Court entered orders (Docket Nos. 469,470, 471 and 472) authorizing the Debtor's sale of the Real Property (the "Sale Orders"). Each of the Sale Orders authorized the Debtor to "sell by private sale the Debtor's and the estates' right, title and interest in the [Real Property]" and stated that the sales were to be "free and clear of all liens, claims, interests, and other encumbrances whatsoever, both known and unknown, including but not limited to, those asserted liens, claims, interests, and encumbrances to which reference is made in the Sale Motion" and that "[s]aid liens, claims, interests and other encumbrances, if any, shall attach to the proceeds of the sale with the same priority and

[3] The Gill Mortgage covered all 4 properties that comprise the Real Property and was also recorded with the Norfolk and Middlesex South County registries of deeds.

validity as existed prior to the sale according to priorities established under applicable law." A copy of one of the Sale Orders is attached hereto as **Exhibit D.**[4]

19. On August 29, 2025, the Debtor delivered deeds to 47 Old Harbor Street and 283 West 5th Street to Brent Herbert (as assignee of Howard Cohen) and 15 Simms Court to Nehoc New Investments LLC (as assignee of Howard Cohen). The deeds were recorded on August 29, 2025, and the Debtor has received the net proceeds from each of the sales, in the amounts of $1,311,014.26 (47 Old Harbor Street), $921,982.52 (283 West 5th Street) and $611,659,71 (15 Simms Court), or a total of $2,844,656.49. *See* Docket No. 486 (Status Report by Debtor).

20. As a matter of law, the Judgment avoiding the transfer of Debtor's equity of redemption through the Foreclosure also voided the Foreclosure and the Foreclosure Deed purporting to transfer record title of the Real Property to OHP.

21. As a matter of law, when the Judgment entered, the Real Property became property of the Debtor's estate, allowing the Real Property to be sold by the Debtor pursuant to the Sale Orders.

22. As a matter of law, when the transfer of the Debtor's equity of redemption was avoided by the Judgment, the Judgment restored the pre-foreclosure status of the Real Property in that Debtor was the record owner of the Property, subject to the Rockland Mortgage and the Synergy Mortgage.

23. As OHP did not acquire good record title to the Real Property by virtue of the Foreclosure and Foreclosure Deed, as a matter of law, the Gill Mortgage was not a valid encumbrance on title to the Real Property.

24. If Judgment had not entered in favor of Debtor avoiding the transfer of the

---

[4] Although each of the Sale Orders pertains to a different property, they are otherwise identical.

Debtor's equity of redemption, the Foreclosure and subsequent Foreclosure Deed may have otherwise been deemed valid, and the Real Property would therefore not have become property of the Debtor's estate and sold through the Sale Orders.

25. As a matter of law, the avoidance of the Debtor's equity of redemption through the Judgment and subsequent authorization of Debtor's sale of the Real Property pursuant to the Sale Orders cannot also result in a valid Foreclosure, valid conveyance of title to OHP through the Foreclosure Deed, and valid grant of the Gill Mortgage.

26. Accordingly, as result of the Judgment, the Foreclosure was voided, the Foreclosure Deed conveyed no title to OHP, the Gill Mortgage was not a valid encumbrance on title to the Real Property, and the Gill Mortgage cannot as a matter of law attach to the proceeds of the sale of the Real Property.

27. As the debt owed to Gill is owed by OHP, Gill is not a creditor of Debtor's estate and is not entitled to recover from the administration of Debtor's estate.

**COUNT I (Avoidance of Gill Mortgage)**

28. The Debtor repeats and realleges the responses contained in Paragraphs 1 through 27 as if fully set forth herein.

29. Gill claims an interest in the Real Property and/or the Proceeds by virtue of the Gill Mortgage.

30. Pursuant to 11 U.S.C. § 544(a)(3), Debtor may avoid the Gill Mortgage because it was not properly perfected against the Real Property as confirmed by the Judgment.

31. As a result of the foregoing, Debtor is entitlaed to a declaration that the Gill Mortgage is avoided and that it does not attach to the proceeds of the sale of the Real Property.

**COUNT II (Declaratory Judgment)**

32. The Debtor repeats and realleges the responses contained in Paragraphs 1 through 31 as if fully set forth herein.

33. An actual controversy exists as to whether the Gill Mortgage was a valid encumbrance on the Real Property and if it attaches to the proceeds of the sale of the Real Property, entitling Gill to recover from the administration of the Debtor's estate.

34. The Gill Mortgage was granted by OHP, which entity purported to acquire title to the Property by virtue of the Foreclosure and Foreclosure Deed.

35. The Judgment avoided the transfer of Debtor's equity of redemption in the Real Property through the Foreclosure.

36. Accordingly, the Foreclosure Deed could not as a matter of law transfer title to the Real Property to OHP, and therefore OHP had no authority to grant the Gill Mortgage on the Real Property.

37. Debtor is entitled to a declaratory judgment declaring and adjudging that the Gill Mortgage was not a valid encumbrance on the Property; that the Gill Mortgage does not attach to the proceeds of the sale of the Real Property; and that Gill is not entitled to recover the amount that is owed under the loan to OHP from the administration of Debtor's estate.

WHEREFORE, Plaintiff requests that the Court enter the following as to Count I and II:

1. As to Count I, declare that Gill Mortgage is avoided;
2. As to Count II, declare that the Gill Mortgage was not a valid encumbrance on the Real Property and does not attach to the proceeds of the sale of the Real Property;
3. As to Counts I and II, declare that Gill is not entitled to recover from the sale proceeds or otherwise from the administration of Debtor's estate, and that any

claim by Gill to be paid from the sale proceeds or otherwise from the administration of the Debtor's estate is disallowed; and

4. Grant such other relief as is just and proper.

Respectfully submitted,
GABHALTAIS TEAGHLAIGH LLC,
By its attorneys,

/s/ *Joseph G. Butler*
Joseph G. Butler, Esq. (BBO# 544284)
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090
(781) 636 3638
JGB@jgbutlerlaw.com

/s/ *Jason A. Manekas*
Jason A. Manekas, Esquire (BBO No. 632073)
Bernkopf Goodman, LLP
Two Seaport Lane - 9th Floor
Boston, Massachusetts 02210
Telephone: (617) 790-3000
Facsimile: (617) 790-3300
E-mail: jmanekas@bernkopflegal.com

Dated: January 21, 2026