UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Gabhaltais Teaghlaigh LLC<br><br>Debtor. | Chapter 11<br>Case No. 22-10839-EDK |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF REAL PROPERTY (47 OLD HARBOR STREET SOUTH BOSTON, MASSACHUSETTS)**

Gabhaltais Teaghlaigh, LLC, the debtor in possession in the above captioned case (the "Debtor"), having filed on June 11, 2025, a Motion for Order Authorizing and Approving Private Sale of Real Property (the "Sale Motion"), pursuant to which the Debtor sought an order authorizing, among other things, the sale, free and clear of all liens, claims, interests, and encumbrances whatsoever, both known and unknown, including but not limited to, those asserted liens, claims, interests, and encumbrances to which reference was made in the Sale Motion, of the Debtor's and the estate's right, title and interest in and to certain real property known and numbered as 47 Old Harbor Street, South Boston, Massachusetts ("47 Old Harbor Street") for the sum of $1,200,000.00, as set forth in the Purchase & Sale Agreement executed by and between the Debtor and the 47 Old Harbor Realty Trust on October 14, 2022 (the "P&S") (a copy of which is annexed to the Sale Motion as an exhibit); a deadline of July 31, 2025 for filing objections or higher offers having been established by the Court; notice having been given by the Debtor as evidenced by a certificate of service filed on June 30, 2025; Howard Cohen and Xianxiu Liu each having timely filed a competing bids in the amount of $1,330,000.00 on July 31, 2025; a hearing having been

held on August 7, 2025 (the "Sale Hearing"); 47 Old Harbor Realty Trust having declined to submit a bid at the Sale Hearing; and this Court having considered the Sale Motion and the competing bids filed by Howard Cohen and Xianxiu Liu, as well as the bids submitted by Howard Cohen and Xianxiu Liu at the Sale Hearing and the Debtor's recommendation concerning the acceptance of bids and good cause otherwise appearing therefor.

**THE COURT HEREBY FINDS AND RULES THAT:**[1]

**Jurisdiction/Statutory and Procedural Bases**[2]

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(a) and L.R. D. Mass. 201. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Entry of a final order on the Motion is proper under Article III of the United States Constitution. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

C. The statutory bases for the relief requested in the Motion are the following sections of title 11, United States Code ("Code Section"): 105(a), 363(b), (f) and (m). The procedural bases for the relief sought in the Motion are Fed. R. Bankr. P. 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 9007 and 9014.

**Sale Free and Clear**

The Sale Motion by the Debtor is allowed and the Debtor is authorized to sell by private sale the Debtor's and the estate's right, title and interest in 47 Old Harbor Street, South Boston,

---

[1] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

[2] Headings are included solely for convenience and shall not be utilized in construing this Order.

Massachusetts, all as referred to in the Sale Motion, to Howard Cohen, or his nominee or assignee (the "Purchaser"), for consideration of One Million Three Hundred Forty Thousand and 00/100 ($1,340,000.00) (the "Purchase Price"), pursuant to 11 U.S.C. § 363.

D. The sale is to be AS IS and WHERE IS without any warranty by the Debtor except as may be specifically contained in the Purchase and Sales Agreement.

E. The Purchaser would not have entered into the P&S and would not consummate the Sale if 47 Old Harbor Street were not to be transferred to the Purchaser free and clear of all Encumbrances, or if the Purchaser would (or in the future could) be liable for any Encumbrance.

F. The sale is to be free and clear of all liens, claims, interests, and other encumbrances whatsoever, both known and unknown, including but not limited to, those asserted liens, claims, interests, and encumbrances to which reference is made in the Sale Motion. Said liens, claims, interests and other encumbrances, if any, shall attach to the proceeds of the sale with the same priority and validity as existed prior to the sale according to priorities established under applicable law.

G. The Purchaser shall not, by reason of the Sale to the Purchaser or otherwise, have any liability or obligation for any Encumbrances.

H. The Debtor may sell 47 Old Harbor Street free and clear of all Encumbrances because, in each case, one or more of the standards set forth in Code Section 363(f)(1)-(5) has been satisfied.

I. The Debtor is authorized to pay, from the proceeds of the sale of 47 Old Harbor Street, the normal and usual costs incurred at closing by the seller (i.e. deed stamps and recording costs) and the Seller's share of any outstanding real estate taxes or other municipal claims which constitute liens on 47 Old Harbor Street. The balance of the proceeds of the sale of 193 Randolph

Street shall be held in escrow by the Debtor pending further order of this Court.

J. The Purchaser shall have until the later of 5:00 p.m. on August 28, 2025, or the date that is 7 days following the date that this order becomes a final order, to pay the Purchase Price to the Debtor (the "Closing Deadline").

K. A failure by the Purchaser to timely pay the Purchase Price to the Debtor shall be a default by the Purchaser and the Purchaser shall forfeit to the Estate any deposit previously paid to the Estate.

L. If the Purchaser defaults by failing to pay the Purchase Price to the Debtor by the Closing Deadline, the Debtor shall notify Xianxiu Liu (the "Backup Bidder") of the Purchaser's default and the Backup Bidder shall have the right (but not an obligation) to purchase the Real Property for consideration of $1,334,000.00 (the "Backup Bid"), provided that the Backup Bidder shall consummate the Sale no later than twenty one (21) days after receipt of notice of the Purchaser's default.

**Notice of the Sale**

M. Actual written notice of the Motion, the proposed Sale, the right to object thereto and the deadline and filing place for such objections, and the date, time and place of the Sale Hearing has been served upon all parties in interest, including all entities known to the Debtor or in the public record as claiming an interest in the Real Estate and all creditors of the Debtor listed in the schedules of liability filed by the Debtor. The service of such notice was good, sufficient and appropriate under the circumstances in accordance with Code Sections 102(1) and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014; and no further notice need be given in respect of the Sale. All parties in interest have been afforded reasonable notice and opportunity to be heard with respect to the Motion and the relief requested therein.

**Compelling Circumstances/Exercise of Business Judgment**

N. The Debtor has demonstrated that it is essential that the Sale occur within the time constraints set forth in the P&S. Time is of the essence in consummating the Sale.

O. Given the circumstances faced by the Debtor and for all the reasons set forth on the record at the Sale Hearing, the Debtor's decision to execute the P&S, to prosecute the Sale Motion and to consummate the Sale constitutes a valid and reasonable exercise of the Debtor's business judgment.

P. Approval of the Sale Motion and P&S, as well as consummation of the transaction contemplated thereby, is in the best interests of the estate and its creditors.

**Good Faith of the Purchaser**

Q. The Purchaser (or the Backup Bidder) is purchasing the Real Property in good faith, is a good faith Purchaser within the meaning of Code Section 363(m), and is therefore entitled to the full protection of that provision. The Purchaser, and the Backup Bidder, has/have demonstrated good faith by, *inter alia*: (i) negotiating the P&S at arms' length and without coercion; and (ii) demonstrating that it is not an insider as that term is defined pursuant to 11 U.S.C. § 101(31).

R. The consideration paid for 47 Old Harbor Street constitutes reasonably equivalent value under the Bankruptcy Code.

Dated: August 11, 2025

Elizabeth D. Katz

Honorable Elizabeth D. Katz
United States Bankruptcy Court Judge