UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Gabhaltais Teaghlaigh LLC<br>Debtor-in-possession | Chapter 11<br>Case No. 22-10839-EDK |
| Gabhaltais Teaghlaigh LLC,<br>Plaintiff,<br>v.<br>Jaspal Gill,<br>Defendant | ADVERSARY PROCEEDING<br>NO. 26-01008-EDK |

MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF PLAINTIFF

Now comes David G. Baker, an interested party by virtue of an allowed administrative claim in the underlying bankruptcy case, payment of which by the debtor-in-possession/plaintiff is threatened if the plaintiff does not prevail in this adversary proceeding, and respectfully moves the court pursuant to FRBK 2018 and 7024, and 11 USC §1109, for leave to intervene in support of the debtor-in-possession/ plaintiff in the above captioned matter because the plaintiff is not adequately representing my interests and the interests of other creditors in the underlying bankruptcy case, and absent intervention, creditors may not have any other ability or vehicles to protect their interests or collect the debts, especially given the plaintiff's attempt to obtain a structured dismissal of the case, as well as the future possibility of the case being converted to chapter 7 or dismissed (which I oppose).

Because the court presumably is very familiar with the underlying bankruptcy case and this adversary proceeding, the balance of this motion will be in memorandum format rather than numbered paragraphs.

ARGUMENT

FRCP 24, made applicable to bankruptcy adversary proceedings by FRBP 7024, provides, in part:

> (a) Intervention of Right. On timely motion, the court **must** permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(emphasis added.) Similarly, 11 USC §1109 provides, in relevant part:

> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any

> indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

Interestingly, the statute contains no timeliness requirement, unlike the rule. Nonetheless, all of the cases I have seen on the point seem to assume that timeliness is relevant as a matter of discretion and is of first importance. *See, e.g.,* R&G Mortgage Corporation V. Federal Home Loan Mortgage Corporation, 584 F.3d 1 (1st Cir. 2009) and Caterino v. Barry, 922 F. 2d 37 (1st Cir. 1990).

I respectfully suggest that this motion is timely, in the circumstances. The complaint was filed on January 21, 2026, and asserted two counts. On June 4, 2026 (almost six months later), the court *sua sponte* issued an order to show cause why count I should not be dismissed based on the statute of limitations in §546. While the defendant filed a response to the court's order (not a motion on its own initiative) on July 7, 2026 (slightly more than a month later), the plaintiff did not file any written response, and for that reason I believe the plaintiff is not adequately representing the interests of creditors. On July 9, the court entered an order dismissing the count, but the one-page proceeding memorandum only discussed the court's authority to dismiss the count *sua sponte,* and if there was an actual hearing, I do not know what was said or who was present. Then, on October 9, I filed an appearance in this adversary proceeding and a motion for relief from judgment (the foregoing dismissal of count I). A few days later, the court denied that motion, stating:

> "DENIED. NOT ONLY IS THE MOVANT NOT A PARTY TO THIS ADVERSARY PROCEEDING, BUT THE CASE LAW RELIED ON IN SUPPORT OF THIS MOTION RELATES TO A PRIOR VERSION OF THE RELEVANT STATUTE AND IS INAPPLICABLE HERE."

During part of the time between July 9 and October 9 (three months), the debtor/plaintiff was trying to dismiss this adversary proceeding, but on September 10, withdrew that request since the court had denied a similar request to dismiss the underlying bankruptcy case. No purpose would have been served by filing this motion while dismissal of the underlying bankruptcy case was under consideration. In addition, I reviewed the docket of this proceeding and did not see any indication that discovery has closed or a trial date set as of today[1].

I was aware that the cases cited related to a prior version of the statute since many of the cases noted the amendment to the statute, and I read all of the cases before citing them. In retrospect, I believe that due to clerical error, I inadvertently filed a first draft of the motion rather than the final version which discussed why the statute, being one of *limitations*, not *repose*, does not mandate dismissal. That error is corrected in the amended motion filed herewith[2], as required

[1] Service of papers on me has been sporadic since I do not receive documents via CM/ECF. In addition, it seems unlikely that a trial date would be set for a date during the remaining six (or so) weeks of this calendar year. However, the courtroom deputy has begun emailing me copies of some orders, for which courtesy I am grateful.
[2] Along with apologies for my oversight.

by the rule. *See* In Re Lavallee, (Bankr.D.Mass. 2015) (*apparently unpublished decision by Judge Hoffman, case no. 14-04088, document #70; copy attached).* I did not correct it sooner because attorney Butler, representing the plaintiff, had contacted me to discuss the Chapter 11 Plan and Disclosure Statement I had filed., and I was not sure whether that conversation, or the hearing in this proceeding held last Thursday, would affect my intent to file the motion (it did not). It is my recollection that the motion for relief from judgment was mentioned in passing during that conversation, and I indicated I would be filing an amended motion, which I am doing herewith.

The point of the foregoing is to show that this motion is timely and will not unduly delay resolution of the adversary proceeding, given the events noted above that were the parties' self-created delays, or result in prejudice to any party[3]. *See* Caterino v. Barry, 922 F. 2d 37 (1st Cir. 1990). Furthermore, FRCP 24(a)(2) *requires* the court to allow intervention if the movant's interest in the matter is not adequately represented, essentially, which I believe to be the case given the plaintiff's failure to respond to the order to show cause, which may have contributed to the count being dismissed, as well as the citation of apparently the incorrect bankruptcy code provision. *See* Lavallee, *cited above, in which he allowed intervention and apparently waived the requirement of a separate pleading.*

I believe that the other factors established by the case law are met in these circumstances for the reasons given above.

For all of the foregoing reasons, I respectfully request leave to intervene in this adversary proceeding.

November 9, 2026

Respectfully submitted,

/S/ *David G. Baker*

David G. Baker, pro se administrative creditor
406 Hemenway Street Ste. 6226
Marlborough, MA 01752
(617) 340-3680
david@bostonbankruptcy.org

Certificate of Service

The undersigned states upon information and belief that the within paper was served on the persons entitled to notice by the court's CM/ECF system on the date it was entered on the docket by the clerk.

/S/ *David G. Baker*

David G. Baker

[3] Mr. Gill is virtually certain to protest that the delay is prejudicial to him, but that would be meritless in my opinion