UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Gabhaltais Teaghlaigh LLC<br>Debtor-in-possession | Chapter 11<br>Case No. 22-10839-EDK |
| Gabhaltais Teaghlaigh LLC,<br>Plaintiff,<br>v.<br>Jaspal Gill,<br>Defendant | ADVERSARY PROCEEDING<br>NO. 26-01008-EDK |

## AMENDED[1]
## MOTION FOR RELIEF FROM JUDGMENT

Now comes David G. Baker, an interested party as stated in his appearance previously filed, as well as the proponent of a Disclosure Statement and Plan previously filed in the main case[2], and respectfully moves the court for relief from the order dismissing Count I of the complaint (document 16), and for reasons states that the dismissal resulted from an error of law, as explained herein.

1. The complaint in this matter was filed by the debtor in possession on January 21, 2026.
2. In it, the debtor seeks to avoid a mortgage on certain of the properties owned by the debtor in possession (count I) and obtain a declaratory judgment (count II).
3. Since I do not receive documents via CM/ECF, I did not have any proper notice of this matter until recently. I have standing to appear and be heard because the debtor in possession has taken the position that if Mr. Gill prevails, the bankruptcy estate may become administratively insolvent, which means that my administrative claim might not be paid. *Please also refer to the motion for leave to intervene.*
4. On June 4, 2026 (about six months after the complaint was filed), the court issued an order to show cause why count I should not be dismissed as time-barred by 11 USC §546(a) (document 13), which is a statute of limitations.
5. The debtor in possession apparently did not file a response to the order, and it is unclear whether an actual hearing was held. In any event, Mr. Gill filed a memorandum in support of dismissal of count I (document 15). Because of the plaintiff's failure to file a response to the order, the court was not provided with a basis by which "cause" could be shown. In addition, I note that count I seeks to apply 544(a)(3), which I believe is error because this would seem to be a post-petition transaction within the meaning of §549; although there is a statute of limitations in that section, as well, I believe it should be tolled for all of the reasons stated herein.
6. An order dismissing count I as time-barred was entered on July 9, 2026 (document 16).
7. The order did not address whether the statute of limitations in §546 applied in the present context and should not be tolled, but focused on the court's authority to enter an order *sua sponte,* which is not particularly debatable.

[1] This motion is denominated "Amended" because the prior motion was, in fact, a preliminary version of this motion, and was erroneously filed due to clerical error. I apologize for the error.
[2] At aa hearing on November 5, the court refused, without prejudice, to approve the Disclosure Statement.

8. The statute of limitations did not apply to a debtor-in-possession prior to its amendment in 1994; *see* In re Murray, 214 BR 271, 276 (Bankr. D. Mass. 1997). While the issue was not free from disagreement, the "overwhelming majority" of cases (including at least three in this district) held that the time limitation in the prior version of 546(a) does not apply to debtors in possession. Brin-Mont Chemicals, Inc., and Duly Appointed Unsecured Creditors Committee, Plaintiffs, v. Worth Chemical Corporation, 154 B.R. 903 (M.D.N.C., 1993). *See also* In re Maxway Corporation, 27 F.3d 980 (4th Cir. 1994), *cert. denied* ___ U.S. ___, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994); In re Mars Stores, Inc., 150 BR 869, 874 (Bankr. D. Mass., 1993); In re Farrell & Howard Auctioneers, Inc., 172 BR 712 (Bankr. D. Mass., 1994); In re Dublin Securities, Inc., 214 F. 3d 773 (6th Cir. 2000).

9. The cases generally relied on the fact that the pre-amendment section does not mention debtors-in-possession, and is otherwise clear and unambiguous. The court in Brin-Mont Chemicals stated:

> In looking to the statute, the language of 11 U.S.C. § 546(a)(1) is clear and unambiguous. The statute states that certain bankruptcy proceedings must be brought within "two years after the *appointment of a trustee under section 702, 1104, 1163, 1302, or 1202* of this title. . . ." (emphasis added). The statute clearly refers to the appointment of trustees, not debtors-in-possession. Furthermore, the recitation of specific provisions within the Code governing appointment of trustees indicates that Congress paid careful attention to what types of trustees would be governed by the two-year statute of limitations. That Congress did not cross reference § 1107, the statute governing the rights and powers of debtors-in-possession, reinforces the clear meaning of the statute. With such clear and specific language within § 546(a)(1), this Court will not look to other provisions of the statute to find ambiguity and must enforce the statute as written. Ron Pair, 489 U.S. at 241, 109 S.Ct. at 1030 (1989). Accord, In re Mars Stores, Inc., 150 B.R. 869, 877 (D.Mass.1993); In re Hunt, *supra*; In re Maxway Corp. and Danners, Inc., *supra.*[3]
>
> (footnotes in the original omitted)

ARGUMENT

Congress addressed that dichotomy in the 1994 amendment. Section 1107(a) now reads:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

The cases cited in paragraph 8, above, seem to recognize the substantial change that this amendment makes. The difficulty, I believe, is that some of them seem to conflate a statute of

[3] Brin-Mont also discuss the doctrine of laches, but remanded for the bankruptcy court to consider that issue. After reviewing that bankruptcy court's docket, I was unable to find an opinion on that issue, possibly because the parties settled. Considering that the ultimate issue here is whether Mr. Gill's claim should be allowed (although not presented procedurally as a claim objection), I believe laches is not an issue.

*limitations* with a statute of *repose*. They are not the same thing, and I respectfully suggest that that distinction was not recognized in dealing with this issue in this case, or, in fact, not raised at all until now, although the plaintiff should have raised it, in my opinion. For the following reasons, I aver that it is a statute of limitations that should be tolled in the circumstances of this case.

In CTS Corp. v. Waldburger, 573 US 1 (2014), the court reversed the Fourth Circuit and clarified the distinction[4]. As stated by the syllabus:

> "The outcome here turns on whether § 9658 distinguishes between statutes of limitations and statutes of repose, which are both used to limit the temporal extent or duration of tort liability. There is considerable common ground in the policies underlying the two, but their specified time periods are measured differently and they seek to attain different purposes and objectives. Statutes of limitations are designed to promote justice by encouraging plaintiffs to pursue claims diligently and begin to run when a claim accrues. Statutes of repose effect a legislative judgment that a defendant should be free from liability after a legislatively determined amount of time and are measured from the date of the defendant's last culpable act or omission. The application of equitable tolling underscores their difference in purpose. Because a statute of limitations' purpose is not furthered by barring an untimely action brought by a plaintiff who was prevented by extraordinary circumstances from timely filing, equitable tolling operates to pause the running of the statute. The purpose of statutes of repose are unaffected by such circumstances, and equitable tolling does not apply."

Justice Kennedy opened the opinion by summarizing the case thusly:

> "The Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 94 Stat. 2767, as amended, 42 U.S.C. § 9601 *et seq.,* contains a provision that by its terms pre-empts statutes of limitations applicable to state-law tort actions in certain circumstances. § 9658. Section 9658 applies to statutes of limitations governing actions for personal injury or property damage arising from the release of a hazardous substance, pollutant, or contaminant into the environment."

He went on to say:

> "Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability. Indeed, the Double Jeopardy Clause has been described as "a statute of repose" because it in part embodies the idea that at some point a defendant should be able to put past events behind him.
>
> One central distinction between statutes of limitations and statutes of repose underscores their differing purposes. Statutes of limitations, but not statutes of repose, are subject to equitable tolling, a doctrine that "pauses the running of, or `tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. Statutes of repose, on the other hand, generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control."

134 S.Ct. 2175, 2183 (2014) (citations omitted). Given the intransigence of OHP, it cannot be said fairly that Gabhaltais has not pursued its rights diligently.

---

[4] It appears that there were two dissents and numerous disagreements about certain points but nonetheless joining in the result.

After quoting the statute, the court in GE Steam Power Inc., et al., v. Talen Energy Corporation, (Civil Action No. H-25-807, Bankruptcy No. 22-90339; S.D. Texas, Houston Division. March 26, 2026), said:

> 11 U.S.C. § 546(a). This section is "without a doubt a statute of limitations." *In re Margeaux Tex. Ventures, Inc.,* 545 B.R. 506, 526 (Bankr. N.D. Tex. 2014). Unlike a statute of repose, a statute of limitations "can be extended by agreement, tolled, waived, or the subject of estoppel." *Id.*

The court in Margeaux cited McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.), 52 F.3d 1330, 1337-38 (5th Cir.1995) as authority for that holding.

Having firmly established that §546 is a statute of *limitations*, not *repose*, the question then becomes whether it should be extended by way of tolling in this case[5]. I believe it should[6].

The doctrine of equitable tolling "is read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). Further, "[e]very court that has considered this issue has held that equitable tolling applies to § 546(a)(1)." Jobin v. Boryla (In re M & L Business Mach. Co.), 75 F.3d 586, 591 (10th Cir. 1996) (*citing* In re United Ins. Management, Inc., 14 F.3d 1380, 1384 (9th Cir. 1994)). See also extensive discussions of the historic basis for equitable tolling in Freeland v. CPA Warehouse (In re Livemercial Aviation Holding, LLC), 508 B.R. 58, 65-71 (Bankr. N.D. Ind. 2014) and White, 104 B.R. at 956-57.

> "It is hornbook law that limitations periods are "customarily subject to `equitable tolling,' " *Irwin* v. *Department of Veterans Affairs,* 498 U. S. 89, 95 (1990), unless tolling would be "inconsistent with the text of the relevant statute," *United States* v. *Beggerly,* 524 U. S. 38, 48 (1998). See also *American Pipe & Constr. Co.* v. *Utah,* 414 U. S. 538, 558-559 (1974); *Holmberg* v. *Armbrecht,* 327 U. S. 392, 397 (1946); *Bailey* v. *Glover,* 21 Wall. 342, 349-350 (1875). Congress must be presumed to draft limitations periods in light of this background principle. Cf. *National Private Truck Council, Inc.* v. *Oklahoma Tax Comm'n,* 515 U. S. 582, 589-590 (1995); *United States* v. *Shabani,* 513 U. S. 10, 13 (1994). That is doubly true when it is enacting limitations periods to be applied by bankruptcy courts, which are courts of equity and "appl[y] the principles and rules of equity jurisprudence." *Pepper* v. *Litton,* 308 U. S. 295, 304 (1939); see also *United States* v. *Energy Resources Co.,* 495 U. S. 545, 549 (1990). This Court has permitted equitable tolling in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."'

Young v. United States, 535 US 43, 49 (2002). I find it hard to understand why the limitations period should not be tolled against Mr. Gill. So far as I can tell[7], he was relatively quiescent for most of the case and seemingly relied on his business partners in OHP to handle the litigation. Again so far as I can tell based on a claims register dated December 26, 2024, Mr. Gill did not file a proof of claim before then even though his attorney filed an appearance in the case on April 1, 2024. A few days later, he filed a motion for relief from the automatic stay, claiming to have obtained a mortgage from OHP during the limited time the case was dismissed in 2022; that motion was not finally decided until February 26, 2026 (document 556), which would seem to make it a post-petition transaction.

---

[5] It seems obvious that Mr. Gill is not going to assent to extending the limitations period, given his memorandum in support of the court's order to show cause.

[6] I am not discussing judicial estoppel because it seems too tenuous to pursue. *See* Keathley v. Buddy Ayers Construction, Inc., 146 S. Ct. 1532 (2026). The court is free to disagree, of course.

[7] I am being very cautious in this part because the record seems murky to me – a factor that I suggest works to Mr. Gill's advantage, and I am not entirely sure I have received relevant all papers filed in this case and proceeding.

Also working against Mr. Gill is the fact that OHP (with which he obviously does business, at least) appealed the order granting avoidance of the foreclosure and then apparently did nothing about prosecuting the appeal or pursuing his claim for at least a year and one-half, before dismissing the appeal with prejudice. Given all the delays recited herein, none of which properly are attributable to Gabhaltais, there is no reasonable basis for not tolling the statute of limitations against Mr. Gill since he presumably had some influence with OHP, having apparently providing the funding for the purchase of the properties, at pre-petition foreclosure, by OHP, and having filed an appearance in the bankruptcy case through an attorney on April 1, 2024.

For the foregoing reasons, I request that the court vacate the order dismissing count I on the basis of equitable tolling or such other basis as may be appropriate, and such other relief as may be appropriate in the circumstances.

Respectfully submitted,
David G. Baker
Administrative creditor

/s/ *David G. Baker*

David G. Baker, pro se
406 Hemenway Street Ste. 6226
Marlborough, MA 01752
(617) 340-3680
BBO #634889
david@bostonbankruptcy.org

Certificate of Service

The undersigned states upon information and belief that the within paper was served on the persons entitled to notice by the court's CM/ECF system on the date it was entered on the docket by the clerk.

/s/ *David G. Baker*
David G. Baker

\